UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHELE PATRICE TAYLOR,

    Plaintiff,

v.                                                               Case No. 3:25-cv-872-MMH-LLL

FIRST COAST ASSOCIATION
MANAGEMENT, INC., et al.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Proceeding pro se, Plaintiff, Michele Patrice Taylor, initiated this action on August 1, 2025, by filing a Complaint for Damages, Injunctive Relief, Declaratory Relief and Due Process and Civil Rights Violations (Doc. 1; Complaint). Upon review, the Court finds that the Complaint is due to be stricken because it constitutes an impermissible "shotgun pleading."

In the analysis that follows, the Court will discuss some of the problems with the Complaint and provide Taylor with the opportunity to file a corrected complaint consistent with the Federal Rules of Civil Procedure (Rule(s)). Taylor should carefully review this Order and consider utilizing the resources available for pro se litigants, cited below, before filing her corrected complaint. Failure to

comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.

As a preliminary matter, the Court offers some general guidance for Taylor as she drafts her corrected complaint. This guidance is not directed at particular deficiencies in the Complaint but instead is intended to be generally useful for Taylor as she navigates the complexities of federal practice. While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "conform to procedural rules." Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2

---

[1] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules of the United States District Court for the Middle District of Florida (Local Rules(s)). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding … , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

(11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Rules 8 and 10 work together "to require the pleader to present h[er] claims discretely and succinctly, so that h[er] adversary can discern what [s]he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings).[2] The Eleventh Circuit

---

[2] The Eleventh Circuit has summarized the four categories of shotgun complaints as follows:

> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable." (collecting cases)). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). As the court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

---

Barmapov v. Amuial, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1321–23).

Relevant in this action are all four types of shotgun pleadings. The first occurs when the plaintiff asserts "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland, 792 F.3d 1313, 1321, 1321 n.11 (collecting cases). As a result, "most of the counts ... contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, in each subsequent count of the Complaint, Taylor "incorporates all prior paragraphs as if fully set forth herein." See Complaint ¶¶ 54, 59, 64, 69, 74, 79, 84, 90, 97. This manner of pleading falls squarely into the first category of impermissible shotgun pleadings. See Barmapov, 986 F.3d at 1325; see also Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771–72 (11th Cir. 2020).

The second type of improper shotgun pleading occurs when the plaintiff drafts a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Weiland, 792 F.3d at 1322. Here, Taylor includes an entire page of factual allegations about the conduct of an organization (the United States Postal Service) and several of its

employees, but neither USPS nor its employees are parties to this action. See Complaint ¶¶ 17–25. As such, Defendants and the Court are unable to discern how any of these allegations are relevant to the asserted wrongdoing of any defendant. When preparing her corrected complaint, Taylor should not include "immaterial" factual allegations "not obviously connected to any particular cause of action." See Weiland, 792 F.3d at 1322.

The third type of improper shotgun pleading occurs when the plaintiff "commits the sin of not separating into a different count each cause of action or claim for relief." Id. at 1322–23; see, e.g., id. at 1323 n.13 (collecting cases). Indeed, Rule 10(b) requires that: "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count … ." Rule 10(b); see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (footnote omitted)). Here, in Count V of her Complaint, Taylor asserts claims for due process violations under both the federal and the Florida constitution. See Complaint ¶ 73. Because these are separate claims for relief governed by different sources of authority, the claims should be stated in separately

identified counts.[3] Moreover, it appears that Taylor may be asserting multiple negligence claims against both First Coast Association Management, Inc. (First Coast), and Meadow Downs Homeowners Association, Inc. (MDHOA). To the extent these multiple claims are premised on the same allegedly wrongful conduct and legal theory, they are duplicative, and Taylor should state only one negligence claim against each Defendant. See id. ¶ 61 (alleging that First Coast had "a duty to handle certified mail in a lawful, timely, and professional manner"); id. ¶ 65 (alleging that First Coast had a duty "to ensure that legal correspondence delivered to [its] office[] … was handled in accordance with standard business, legal, and postal protocols"); see also Fed. R. Civ. P. 12(f) (granting district courts authority to sua sponte strike from a complaint any redundant matter). However, to the extent Taylor asserts distinct negligence claims premised on different allegedly wrongful conduct and theories of liability, those claims must be presented in separately identified counts to promote clarity. See Fed. R. Civ. P. 10(b); compare Complaint ¶ 49 (alleging that First Coast had a "duty to notify its insurance provider and HOA clients of

---

[3] The Court also notes that in Count VII of her Complaint, Taylor asserts a claim for "Civil Interference and Evidentiary Tampering." See Complaint at 14. The Court is unaware of any civil action for civil interference or evidentiary tampering and therefore cannot determine whether these represent two distinct claims or one. To the extent civil interference and evidentiary tampering are distinct claims, they too should be stated in separate counts. Similarly, in Count IX of her Complaint, Taylor asserts a claim for "Obstruction of Justice/Abuse of Process." Id. at 15–16. The Court is unaware of any civil action for obstruction of justice. To the extent obstruction of justice is a distinct claim from abuse of process (an intentional tort), any claims for obstruction of justice should be stated in separately identified counts.

relevant legal matters"), with id. ¶ 61 (alleging that First Coast had "a duty to handle certified mail in a lawful, timely, and professional manner").

Relatedly, in Count X, Taylor asserts a claim for "Declaratory and Injunctive Relief." Id. at 16. But a traditional injunction is a remedy and not a freestanding cause of action. See Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1098 (11th Cir. 2004) ("There is no such thing as a suit for a traditional injunction in the abstract. For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under [Rule] 12(b)(6) (failure to state a claim)."). As such, when drafting her corrected complaint, Taylor should remove her "claim" for injunctive relief from Count X.[4]

The last type of shotgun pleading occurs when, in a case with multiple defendants, the pleader fails to make specific allegations with respect to each defendant. It is insufficient to assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1323; see, e.g., id. at 1323 n.14 (collecting cases). As with claims premised on different facts and legal theories, claims against

---

[4] At least one kind of "non-traditional" injunction does not require a separate basis in a cause of action. See Klay, 376 F.3d at 1100 (noting that a plaintiff that seeks an injunction under the All Writs Act is not required to state a claim that underlies the injunction). Taylor does not seek an injunction under the All Writs Act. See generally Complaint.

different defendants should be separated into different counts. This allows each defendant to more readily identify which claims and factual allegations are directed at that defendant so the defendant can frame a responsive pleading. Here, Taylor brings claims against three Defendants: First Coast, MDHOA, and Auto-Owners Insurance Group (AOINS).[5] In Count I, Taylor asserts negligence claims against "all defendants" and contends that each owed a separate duty. See Complaint ¶¶ 47, 49–51. Taylor asserts additional negligence claims in Counts III (against First Coast), IV (against First Coast and MDHOA), and VI (against MDHOA). Negligence claims against each Defendant should be stated in separately identified counts.

Because Taylor's Complaint is an impermissible shotgun pleading, the Court will strike the filing and direct Taylor to file a corrected complaint. See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). Taylor must avoid the shotgun pleading deficiencies discussed above and describe in sufficient detail the factual basis for each of her claims and how each Defendant is responsible. In accordance with Rules 8(a)(2) and 10(b), in her corrected complaint, Taylor must:

---

[5] Taylor alleges that AOINS is a "doing business as" name of Florida Casualty and Property Claims Branch. See Complaint at 1. Because Taylor refers to this entity as AOINS, for clarity, the Court does the same.

- Refrain from reincorporating prior counts in subsequent counts;

- Remove her allegations of facts that are immaterial and disconnected from her causes of action; and

- State each claim for relief against each Defendant in a separately identified count.

Failure to comply with the Rules and this Order may result in dismissal of this action without further notice.[6]

As she prepares her corrected complaint, Taylor is encouraged to consider consulting with a legal aid organization that offers free legal services before filing her corrected complaint. One resource available in Jacksonville is the Legal Information Program offered by the Jacksonville Federal Court Bar Association. To participate in the program, Taylor may contact the Clerk's office at (904) 549-1900, and the Clerk will provide her name and phone number to Jacksonville Area Legal Aid for a lawyer to call her.

---

[6] The Court also notes that it has some doubt as to whether it can exercise subject matter jurisdiction over Taylor's action. While Taylor purports to bring a federal claim under § 1983, see Complaint at 10–11, § 1983 does not typically provide a cause of action against private parties like the Defendants here. Considering that Taylor, First Coast, and MDHOA all appear to be citizens of Florida, see id. ¶¶ 3–5, diversity jurisdiction would seem to be lacking as well. See 28 U.S.C. § 1332. At this stage in the proceedings, the Court is not conducting a sua sponte inquiry into subject matter jurisdiction. However, when drafting her corrected complaint, Taylor should address any potential jurisdictional deficiencies.

Accordingly, it is

**ORDERED:**

1. Michele Patrice Taylor's Complaint for Damages, Injunctive Relief, Declaratory Relief and Due Process and Civil Rights Violations (Doc. 1) is **STRICKEN**.

2. Taylor shall file her corrected complaint on or before September 12, 2025.[7] Failure to do so may result in the dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida this 21st day of August, 2025.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Pro Se Party
Counsel of Record

---

[7] The filing of the corrected complaint does not affect any right Taylor may have to amend as a matter of course under Rule 15(a)(1).